(No. 80-CC-1788– )

HAROLD MC GAHEE and DIANE HENRY, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed June 18, 1980.*

GOLDSTEIN, GOLDSTEIN AND FISHMAN (JOHN E. MARSZALEK, of counsel), for Claimants.

WILLIAM J. SCOTT, Attorney General (JOHN R. FANONE, Assistant Attorney General, of counsel), for Respondent.

ROE, C. J.

This cause coming on to be heard on two motions by the Respondent: (1) to strike the complaint against Harry Dantzler, an individual, and to dismiss the cause of action against him, and (2) to dismiss the claims against both the State and Harry Dantzler, it appearing to the Court that Claimants have had due notice of said motions, and the Court being advised:

The Court hereby finds that:

1. As to the first motion, Harry Dantzler is an individual and as such the Court of Claims lacks jurisdiction over the claims against him. Section 8 of the Court of Claims Act (Ill. Rev. Stat. 1979, ch. 37, par. 439.8 *et seq.*) provides that the Court only has jurisdiction over claims against the State.

2. As to the second motion, the Court finds that the Claimants failed to comply with Sec. 22—1 of the Court

of Claims Act (Ill. Rev. Stat. 1979, ch. 37, par. 439.22—1) which provides that, within six months of the date that a cause of action for personal injury arises, any person who is about to commence any action in this Court on account of said injury must file in the office of the Attorney General and also in the office of the Clerk of the Court of Claims notice which must contain certain provisions set forth in the Act.

The Deputy Clerk of the Court has provided us with a copy of the notice filed with his office. However, the office of the Attorney General has alleged in its motion that no such notice was filed with that office within six months of the occurrence and has attached a sworn affidavit in support of said allegation. No objection to the motion has been timely filed pursuant to Rule 20 B. of the Rules of the Court of Claims.

Section 22—2 of the Act (Ill. Rev. Stat. 1979, ch. 37, par. 439.22—2) provides that if the notice provided for by Section 22—1 of the Act is not filed as provided in that section, any such action commenced against the State shall be dismissed and the person to whom any such cause of action accrued shall be forever barred from further action in this Court for such personal injury.

It is hereby ordered that both motions of the Respondent be and hereby are granted and this cause is dismissed with prejudice.